## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DOMINGO MARTINEZ and
TANYA MARTINEZ,

      Plaintiff,                            CASE NO.:

v.

EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION, LLC, and WAREHOUSE HOME FURNISHING
DISTRIBUTORS, INC., d/b/a FARMER'S FURNITURE,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Domingo Martinez and Tanya Martinez ("Plaintiffs"), through their attorneys, allege the following against Defendants Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("TransUnion") and Warehouse Home Furnishing Distributors, Inc., d/b/a Farmer's Furniture, ("Farmer's Furniture"):

## INTRODUCTION

This action for damages is based on Defendants' false reporting on Plaintiffs' credit files and/or consumer reports, failure to follow reasonable procedures to assure maximum possible accuracy of the information concerning

1

Plaintiffs, and failure to conduct reasonable investigations and reinvestigations with respect to disputes of such information.

## JURISDICTION AND VENUE

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

3. Defendants transact business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiffs are natural persons residing in the city of Jacksonville, Duval County, Florida.

5. Plaintiffs are each "consumers" as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Equifax is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 U.S.C. § 1681a(d), to third parties. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, Georgia,

30309.

7.    Defendant TransUnion is a *credit reporting agency*, as defined in 15 U.S.C.
§ 1681a(f)). On information and belief, TransUnion is regularly engaged in
the   business of assembling, evaluating, and disbursing information
concerning  consumers for the purpose of furnishing *consumer reports*, as
defined in 15 USC 1681a(d), to third parties. TransUnion's principal place
of business is located at 555  West Adams Street, Chicago, Illinois 60661.

8.    Warehouse Home Furnishing Distributors, Inc. d/b/a Farmers Home
Furniture ("Farmers Furnisher") is a corporation with its principal place
of business located at 1851 Telfair Street, Dublin, GA 31021, which
conducts business in the State of Florida.

9.    Farmers Furniture regularly and in the ordinary course of business
furnishes information to one or more consumer reporting agencies about
consumer transactions, such as Plaintiff's transactions at issue in this
lawsuit and described herein, and is, therefore, a "furnisher" as that term
is used in 15 U.S.C. § 1681s-2.

10.    On information and belief, Equifax disburses *consumer reports* to third
parties under contract for monetary compensation.

11.    On information and belief, TransUnion disburses *consumer reports* to third
parties under contract for monetary compensation.

12.    At all relevant times, Defendants acted through duly authorized agents,

3

employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. On July 6, 2023, Plaintiffs filed for a voluntary bankruptcy under Chapter 7 of Title 11, the Bankruptcy Code, in the Middle District of Florida, Jacksonville Division, case number: 3:23-bk-01579-JAF.

14. On July 7, 2023, Farmers Furniture was notified by the Middle District Clerk of Plaintiffs' bankruptcy at its designated mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4).[1]

15. Plaintiffs fully complied with the Bankruptcy and received the Order of Discharge on or about October 18, 2023.

16. On October 18, 2023, Farmer's Furniture was notified by the Middle District Clerk of Plaintiffs' bankruptcy at its preferred mailing address, pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4).

17. The Farmers Furniture Account was listed in *Schedule F* of Plaintiffs' bankruptcy petition as unsecured nonpriority claim.

15. Plaintiffs were eager to begin working on improving their credit following the bankruptcy and obtaining their "fresh start".

### Equifax reporting after discharge

---

[1] "That address is conclusively presumed to be a proper address for the notice. The notice provider's failure to use the supplied address does not invalidate any notice that is otherwise effective under applicable law" Fed. R. Bankr. P. 2002.

4

16.   After the bankruptcy discharge, on February 27, 2024, Tanya Martinez obtained her Equifax consumer credit report to make sure the bankruptcy reporting was accurate.

17.   Tanya Martinez discovered that Equifax was reporting the Farmers Furniture debt, account XXXX3805 with an account status of "Repossession."

18.   Equifax should have reported the Farmer's Furniture account as discharged in bankruptcy or similar language.

19.   After the bankruptcy discharge, on January 17, 2024, Domingo Martinez obtained his Equifax consumer credit report to make sure the bankruptcy reporting was accurate.

20.   Domingo Martinez discovered that Equifax was reporting a Capital One account XXXX6199, with an account status of "More Than Three Payments Past Due" and a balance of $819.

21.   The Capital One Account was listed in *Schedule F* of Plaintiff's bankruptcy petition as unsecured nonpriority claim.

22.   Equifax should have reported the Capital One account as discharged in bankruptcy or similar language.

23.   Equifax knew or had reason to know that their reporting of the account was inaccurate because the underlying court records, where Equifax should have pulled Plaintiff's bankruptcy information, showed the

bankruptcy as discharged on May 16, 2023 and all Plaintiff's other bankruptcy debts as discharged.

24.   Equifax does not maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy.

<u>TransUnion reporting after discharge</u>

25.   In January 2024, after the bankruptcy discharge, Domingo Martinez obtained his TransUnion consumer credit report to make sure the bankruptcy reporting was accurate.

26.   At that time, Domingo Martinez discovered that TransUnion was reporting a Connexus Credit Union debt with a balance owed.

27.   The Connexus Credit Union Account was listed in *Schedule D* of Plaintiffs' bankruptcy petition as a secured nonpriority claim.

28.   After their bankruptcy, Domingo Martinez and Tanya Martinez also discovered that TransUnion was reporting an auto loan with Kia Finance as a current account (Acct: 201909XXXXXXXX). On August 15, 2023, Plaintiffs filed a reaffirmation agreement with Hyundai Capital d/b/a Kia Finance regarding the auto loan, however, on August 17, 2023, Plaintiffs filed a rescission of the reaffirmation agreement with Hyundai Capital d/b/a Kia Finance.  The debt was included in the discharge on

October 18, 2023.

29. The Kia account was listed in *Schedule D* of Plaintiffs' bankruptcy petition as a secured nonpriority claim.

30. TransUnion should have reported this Kia account as discharged in bankruptcy or similar language.

31. TransUnion knew or had reason to know that their reporting of the Connexus and Kia accounts were inaccurate because the underlying court records, where TransUnion should have pulled Plaintiffs' bankruptcy information, showed the bankruptcy as discharged on May 16, 2023 and all Plaintiffs' other debts were marked as discharged.

32. TransUnion does not maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy.

33. As a result of Defendants' conduct, Plaintiffs have sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

34. Defendants' reporting is particularly aggravating of Plaintiffs' damages because Plaintiffs diligently followed their bankruptcy requirements, looking forward to the day when all her debts would be paid and she could have a fresh start, only to discover that TransUnion, Equifax and

Farmers Furniture failed to perform their legal obligation to report the accounts accurately.

35. This caused Plaintiffs stress and anxiety about her credit reputation and a belief that they may still owe debts.

### Disputes to the Defendants

36. Following receipt of the TransUnion report in January, Plaintiff Domingo Martinez disputed the inaccurate information regarding Connexus Credit Union through the TransUnion's online dispute portal.

37. After receiving his dispute, upon information and belief, TransUnion properly contacted the Defendant Connexus and TransUnion removed the inaccurate information from his Trans Union credit report.

38. On May 10, 2024, Domingo Martinez disputed with Equifax the inaccurate information regarding reporting a Capital One account, (#6199) outstanding balance of $819.00 as delinquent.

39. On June 26, 2024, Domingo Martinez disputed again disputed with Equifax the inaccurate information regarding reporting a Capital One account, (#6199) outstanding balance of $819.00 as delinquent.

40. On July 7, 2024, Equifax deleted the Capital One account, (#6199) from Domingo Martinez's credit report.

41. On May 10, 2024, Tanya Martinez disputed with Equifax the inaccurate information regarding reporting a Farmers Furniture account as a

repossession.

42. On June 26, 2024, Tanya Martinez disputed with Equifax the inaccurate information regarding reporting her Farmers Furniture account as a "repossession."

43. After receiving her dispute, upon information and belief, Defendant Equifax properly contacted Defendant, Farmers Furniture, but failed to properly correct the account as discharged in bankruptcy.

44. On July 7, 2024, Equifax responded to Tanya Martinez's dispute and still verified that the status of the Farmers Furniture account was a "repossession" despite the bankruptcy discharge.

45. However, the Farmers Furniture account continued to report Plaintiff Tanya Martinez as a "repossession" following the discharge on her Equifax report.

46. After receiving her dispute letter, Equifax failed to update the credit report to properly reflect the reality of Plaintiff's situation and of the federal court record.

47. After receiving Plaintiff's dispute letter, upon information and belief, Defendants Equifax and Farmers Furniture failed to conduct a reasonable investigation of the accounts.

48. Further, after receiving Plaintiff's dispute letters, Defendants Equifax and Farmers Furniture had enough information available to them, based on the

underlying bankruptcy record and documentation, to confirm that the balance was *not* verifiable. This inability to verify the balance or status of the bankruptcy, and yet still confirm it in "maximum accuracy" is a violation of the Fair Credit Reporting Act and the Plaintiff's rights regarding her consumer report.

49. Despite sufficient notice and disputes, Equifax and Farmers Furniture continued to improperly report the discharged Farmers Furniture debt as a "repossession."

50. When Plaintiff disputed the account, Defendant Equifax was required to perform an investigation; however, the Defendants did not properly investigate the dispute on their own or through their collective communications and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

51. When Plaintiff disputed the account, Farmers Furniture was required to perform a reinvestigation; however, Farmers Furniture continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA, for a year in complete disregard to the dispute and information provided by Plaintiff and the bankruptcy court.

52. As a result of Defendants' credit reporting of the accounts and information on Plaintiff's credit reports, Plaintiff's credit score was reduced.

53. Plaintiffs retained undersigned counsel for purpose of pursuing this matter against Defendants and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

54. The inaccurate reporting by Defendants has caused Plaintiffs' credit files to be severely damaged by painting Plaintiffs as irresponsible individuals, when in fact Plaintiffs have been responsible for their debts.

55. All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

<u>COUNT I</u>
<u>TANYA MARTINEZ'S CLAIMS AGAINST DEFENDANT EQUIFAX</u>
<u>Violations of the FCRA 15 U.S.C. § 1681e(b) (Farmer's Furniture)</u>

56. Plaintiff, Tanya Martinez, incorporates paragraphs 1-55 as though set forth herein.

57. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

58. Equifax reported the Farmer's Furniture debt with a status of "repossession", as though Plaintiff Tanya Martinez still owed the debts after the discharge.

59. Equifax violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

60. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages including the loss of credit opportunities, denials, and favorable credit terms, emotional distress, humiliation, and mental anguish.

61. The violations by the CRA was willful, rendering Equifax individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Equifax for the following:

a) Declaratory judgment that Equifax violated the FCRA;

b) Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

c) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

d) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

e) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

g) Any other relief that this Court deems appropriate.

## COUNT II
## DOMINGO MARTINEZ'S CLAIMS AGAINST DEFENDANT
## TRANSUNION (Connexus)
## Violations of the FCRA15 U.S.C. § 1681e(b)

63.     Plaintiff, Domingo Martinez, incorporates paragraphs 1-55 as though set forth herein.

64.     The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

65.     TransUnion reported the Connexus debt that was included in Plaintiff's bankruptcy petition, as though Plaintiff still owed the debt after the discharge.

66.     TransUnion violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

67. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages including the loss of credit opportunities, denials, and favorable credit terms, emotional distress, humiliation, and mental anguish.

68. The violations by the CRA was willful, rendering TransUnion individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TransUnion was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Domingo Martinez, respectfully requests judgment be entered against TransUnion for the following:

a) Declaratory judgment that TransUnion violated the FCRA;

b) Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

c) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

d) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

e) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3)

and 1681o(a)(2);

f)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

g)  Any other relief that this Court deems appropriate.

## COUNT III
## DOMINGO MARTINEZ'S CLAIMS AGAINST DEFENDANT EQUIFAX
### Violations of the FCRA 15 U.S.C. § 1681e(b) (Capital One)

70.  Plaintiff, Domingo Martinez, incorporates paragraphs 1-55 as though set forth herein.

71.  The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

72.  Equifax reported the Capital One debt that was included in Plaintiff's, as though Plaintiff still owed the debts after the discharge.

73.  Equifax violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

74. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages including the loss of credit opportunities, denials, and favorable credit terms, emotional distress, humiliation, and mental anguish.

75. The violations by the CRA was willful, rendering Equifax individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

76. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §  1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Domingo Martinez, respectfully requests judgment be entered against Equifax for the following:

a) Declaratory judgment that Equifax violated the FCRA;

b) Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

c) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

d) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

e) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may

be allowed under the law; and

g) Any other relief that this Court deems appropriate.

## COUNT IV
## TANYA MARTINEZ'S CLAIMS AGAINST DEFENDANT EQUIFAX
## Violations of the FCRA
## 15 U.S.C. § 1681 *et seq.*
## (Reinvestigation – as to EQUIFAX – FARMERS FURNITURE)

79.    Plaintiff incorporates paragraphs 1 to 55 as though set forth herein.

80.    Equifax willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

81.    Equifax willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other account investigations.

82.    Equifax willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report and the errors stated.

83.    Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

84.    Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

85.    Equifax negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

86.    Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

87.    In response to the request for reinvestigation, Equifax improperly verified the trade lines as correct, and refused to remove the inaccurate

information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

88. Equifax has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i.

89. As noted above, Equifax failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's disputes and the attached documentation.

90. Equifax's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

91.  Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Equifax:

a)    For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For attorney's fees and costs incurred in this action;

e) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f) For such other and further relief as the Court may deem just and proper.

**COUNT V**
**TANYA MARTINEZ'S CLAIMS AGAINST**
**DEFENDANT FARMERS FURNITURE**
**Violations of the FCRA**
**15 U.S.C. § 1681 et seq.**

92. Plaintiff incorporates Paragraph 1-55 above as if fully stated herein.

93. Farmers Furniture has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

94. Specifically, Farmers Furniture violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's bankruptcy information and docket, the

documentation provided, the direct dispute from Plaintiff, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

95.  Further, Farmers Furniture violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

96.  Following the reinvestigation and dispatch of direct notice to Farmers Furniture via the bankruptcy noticing system, who failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

97.  Farmers Furniture's reinvestigation was not conducted in good faith.

98.  Farmers Furniture's reinvestigation was not conducted reasonably.

99. Farmers Furniture's reinvestigation was not conducted using all information reasonably available to the Defendant.

100. Farmers Furniture's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had.

101. Farmers Furniture's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

102. Defendant has violated 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

103. Despite having all the information available to it as the other credit bureaus, the Defendant **continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A).

104. As a result of Farmers Furniture's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to her creditworthiness.

105. Farmers Furniture's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

106. Plaintiff is entitled to recover costs and attorney fees from Farmers Furniture in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, Plaintiff, Tanya Martinez, prays that the Court grant the following relief in favor of Plaintiff and against Farmers Furniture:

a)    For actual damages;

b)    For compensatory damages;

c)    For statutory damages;

d)    For punitive damages;

e)    For attorney's fees and costs incurred in this action;

f)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)    For such other and further relief as the Court may deem just and proper.

## COUNT VI
### TANYA MARTINEZ'S AND DOMINGO MARTINEZ'S CLAIMS AGAINST DEFENDANT TRANSUNION (KIA Finance America) Violations of the FCRA 15 U.S.C. § 1681e(b)

107.   Plaintiffs, Tanya Martinez and Domingo Martinez, incorporate paragraphs 1- to 55 as though set forth herein.

108.   The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report  relates." 15 U.S.C. § 1681e(b).

109.   TransUnion reported the Kia Finance America debt that was included in Plaintiffs' bankruptcy petition, as though Plaintiffs still owed the debt after the discharge.

110.   TransUnion violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiffs' credit reports and credit files it published and maintained concerning the Plaintiffs.

111.   As a result of the above-described violations of § 1681e(b), Plaintiffs have sustained damages including the loss of credit opportunities, denials, and favorable credit terms, emotional distress, humiliation, and mental anguish.

112. The violations by the CRA was willful, rendering TransUnion individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TransUnion was negligent, which entitles the Plaintiffs to recovery under 15 U.S.C. §1681o.

113. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Tanya Martinez and Domingo Martinez, respectfully requests judgment be entered against TransUnion for the following:

a) Declaratory judgment that TransUnion violated the FCRA;

b) Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

c) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

d) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

e) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

g) Any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury of all issues triable by jury.

## Designation of Lead Counsel Pursuant to Local Rule 2.02(a)

Pursuant to Local Rule 2.02(a) of the Middle District of Florida, the undersigned **Max Story, Esquire** is designated as lead counsel in this case.

Respectfully submitted this 27th day of September, 2024.

/s/ Max Story_____
MAX STORY, ESQ.
Florida Bar:  0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Phone: (904)372-4109
Fax:  (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff